**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

GREGORY STOKES,

     Plaintiff,

                                         Civil No.

-v-                                      HON.

DETROIT PUBLIC SCHOOLS,.

     Defendants.
_____/

LEONARD MUNGO
The Mungo Law Firm, PLC
333 W. Fort Street, Suite 1500
Detroit, MI  48226
(313) 963-0407/(313) 963-0200 (fax)
_____/

**COMPLAINT AND JURY DEMAND**

     There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

     NOW COMES PLAINTIFF, by and through his attorneys, The Mungo Law Firm, PLC, and brings his complaint as follows:

**JURISDICTIONAL ALLEGATIONS**

1.  This is an action alleging claims of wrongful termination and failure to promote in contravention of §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

1

§2000e-2(a) based on gender; claims of wrongful termination and failure to promote in contravention of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, *et seq.*; and claims of wrongful termination and failure to promote in contravention of the Elliot-Larsen Civil Rights Act, MCL 37.2101, *et seq.*, based on gender and/or age.

2. Plaintiff timely filed a charge of employment discrimination alleging a failure to promote on the basis of gender and/or age with all required employment agencies, including the Equal Employment Opportunity Commission and the Michigan Department of Civil Rights.

3. Plaintiff received notification of the right-to-sue letter from the EEOC dated July 12, 2017 and has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue.

4. Plaintiff is a resident of Oakland County, Michigan.

5. Plaintiff is an African American male and a member of a protected group based on his gender.

6. Plaintiff was over forty years of age at the time of the alleged unlawful discrimination and a member of a protected group based on his age.

7. All of the discriminatory employment practices occurred within Wayne County, Michigan.

8. Defendant Detroit Public Schools is a public entity that operates schools in Wayne County, Michigan, which is within the Federal Eastern District of Michigan.

9. Defendants Detroit Public Schools are *persons* within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA, 29 U.S.C. §621, *et seq.*

10. This Court has jurisdiction over these claims pursuant to the following statutes:

    a.  28 U.S.C. §1343(a)(4), which gives the Court original jurisdiction over actions to "recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote";

    b. 28 U.S.C. §1331, which gives the Court original jurisdiction over actions arising out of the Constitution, laws, or treaties of the United States;

    c. d. 28 U.S.C. §1367, which allows the Court to exercise supplemental jurisdiction over the state law claims.

11. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to this complaint occurred in this district.

## **COMMON ALLEGATIONS**

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1-11, inclusive, as though fully set forth herein.

13. Plaintiff began employment with Defendants on November 2, 1987 as the Assistant Director-Human Resources and has always received satisfactory or above ratings on his annual performance evaluations.

14. In March 2013, Plaintiff worked as the Interim Executive Director of Human Resources. Plaintiff served in this position until January 31, 2016.

15. Plaintiff's last performance evaluation occurred in June 2015. Plaintiff received an evaluation of "Exceptional/Commendable" and scored a 3.45 out of 4.

3

16. In the fall of 2015, Defendants posted the position for Executive Director – Talent Management.

17. Plaintiff had been the Interim Executive Director of Human Resources at the time of the Executive Director – Talent Management job posting.

18. Defendants required at least 5 years of experience in Human Resources Administration.

19. Having started his career in Human Resources Administration in 1987, Plaintiff had the requisite experience in 2015.

20. Defendants, however, selected an applicant who had her experience in Recruiting with little to no experience in Human Resources Administration.

21. Defendant's selected applicant, Ms. Chanel Hampton, a female, was 28 years old at the time of her hire.

22. Plaintiff, a male, was 55 at the time that Defendants unlawfully denied him a promotion.

23. Additionally, Defendants terminated Plaintiff on January 26, 2016, after renewing his contract for only one month in order to train their unqualified selected applicant.

24. Defendant's selected applicant was so inexperienced and unqualified for the Executive Director – Talent Management position that she was terminated within six months of being selected.

25. Defendants acted in accordance with their custom, policy, and practice of unlawfully discriminating on the basis of gender and/or age as Ms. Hampton, who was patently unqualified, inexperienced, and ineligible, over Plaintiff, who was fully qualified and fully eligible, for the position of Executive Director – Talent Management.

4

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C §2000e-2(a) FOR FAILURE TO PROMOTE ON THE BASIS OF GENDER

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1-25 inclusive, though fully set forth herein.

27. At all material times, Plaintiff was an employee and Defendant was his employer, covered by and within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

28. Plaintiff is an African American male and, therefore, a member of a protected group based on his gender.

29. Defendants subjected Plaintiff to an adverse employment decision by refusing to promote him to a position he was fully qualified for and, instead, hiring a patently unqualified person who is not a member of Plaintiff's protected group.

30. Defendants refused to promote Plaintiff based on unlawful discrimination due to Plaintiff's membership in the protected group as a male.

31. As a direct and proximate result of Defendant's unlawful discrimination on the basis of his gender, Plaintiff has and will suffer lost wages, benefits, and loss of employment opportunities. In addition, Defendant's unlawful discrimination against Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

5

32. WHEREFORE, Plaintiff requests the following relief against Defendants:

    a.  an order of this Court requiring Defendants to promote Plaintiff to the position of Executive Director – Talent Management;

    b.  an award of economic damages as determined by a trial in this matter;

    c.  an award of noneconomic damages as determined by a trial in this matter;

    d.  an award of attorney's fees and costs; and

    e.  an order of this Court granting Plaintiff further relief that it deems just and equitable.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C §2000e-2(a) FOR UNLAWFUL TERMINATION ON THE BASIS OF GENDER

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1-32, inclusive, as though fully set forth herein.

34. At all material times, Plaintiff was an employee and Defendant was his employer, covered by and within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

35. Plaintiff is an African American male and, therefore, a member of a protected group based on his gender.

36. Defendants subjected Plaintiff to an adverse employment decision by terminating him unlawfully based on his gender, i.e. male.

6

37. Defendants unlawfully terminated Plaintiff based on unlawful discrimination due to Plaintiff's membership in the protected group as a male.

38. As a direct and proximate result of Defendant's unlawful discrimination on the basis of his gender, Plaintiff has and will suffer lost wages, benefits, and loss of employment opportunities. In addition, Defendant's unlawful discrimination against Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

39. WHEREFORE, Plaintiff requests the following relief against Defendants:

   a. an order of this Court requiring Defendants to promote Plaintiff to the position of Executive Director – Talent Management;

   b. an award of economic damages as determined by a trial in this matter;

   c. an award of noneconomic damages as determined by a trial in this matter;

   d. an award of attorney's fees and costs; and

   e. an order of this Court granting Plaintiff further relief that it deems just and equitable.

### COUNT III
### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621 FOR FAILURE TO PROMOTE BASED ON AGE

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1-39, inclusive, as though fully set forth herein.

41. At all material times, Plaintiff was an employee and Defendant was his employer, covered by and within the meaning of the ADEA, 29 U.S.C. §621, *et seq.*

42. Plaintiff is an African American male over the age of 40 at the time of Defendant's unlawful discrimination and, therefore, a member of a protected group based on his age.

43. Defendants subjected Plaintiff to an adverse employment decision by refusing to promote him to a position he was fully qualified for and, instead, hiring a patently unqualified person who is not a member of Plaintiff's protected group.

44. Defendants refused to promote Plaintiff based on unlawful discrimination due to Plaintiff's membership in the protected group, i.e. over the age of 40.

45. As a direct and proximate result of Defendant's unlawful discrimination on the basis of his age, Plaintiff has and will suffer lost wages, benefits, and loss of employment opportunities. In addition, Defendant's unlawful discrimination against Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

46. WHEREFORE, Plaintiff requests the following relief against Defendants:

    a.  an order of this Court requiring Defendants to promote Plaintiff to the position of Executive Director – Talent Management;

    b.  an award of economic damages as determined by a trial in this matter;

    c.  an award of noneconomic damages as determined by a trial in this matter;

    d.  an award of attorney's fees and costs; and an order of this Court granting Plaintiff further relief that it deems just and equitable

**COUNT IV**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C.**
**§621 FOR UNLAWFUL TERMINATION BASED ON AGE**

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1-46 inclusive, as though fully set forth herein.

48. At all material times, Plaintiff was an employee and Defendant was his employer, covered by and within the meaning of the ADEA, 29 U.S.C. §621, *et seq.*

49. Plaintiff is an African American male over the age of 40 at the time of Defendant's unlawful discrimination and, therefore, a member of a protected group based on his age.

50. Defendants subjected Plaintiff to an adverse employment decision by terminating him unlawfully due to his age.

51. Defendant unlawfully terminated Plaintiff based on unlawful discrimination due to Plaintiff's membership in the protected group, i.e. over the age of 40.

52. As a direct and proximate result of Defendant's unlawful discrimination on the basis of his age, Plaintiff has and will suffer lost wages, benefits, and loss of employment opportunities. In addition, Defendant's unlawful discrimination against Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

53. WHEREFORE, Plaintiff requests the following relief against Defendants:

    a. an order of this Court requiring Defendants to promote Plaintiff to the position of Executive Director – Talent Management;

    b. an award of economic damages as determined by a trial in this matter;

9

    c.   an award of noneconomic damages as determined by a trial in this matter;

    d.   an award of attorney's fees and costs; and an order of this Court granting Plaintiff further relief that it deems just and equitable

## COUNT V
## VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT FOR FAILURE TO PROMOTE BASED ON GENDER/AGE AGAINST ALL DEFENDANTS

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1-57, inclusive, as though fully set forth herein

55. At all material times. Defendant was Plaintiff's employer, covered by and within the meaning of the Michigan Elliot-Larsen Civil Rights Act, MCL 31.2101 *et seq.,* and the common law of the State of Michigan.

56. Defendant discriminated against Plaintiff, an African American Male, based on his race and or age in violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 31.2101 *et seq.,* and the common law of the State of Michigan.

57. Plaintiff's race was a motivating factor for Defendant's decision to subject him to the unlawful employment discrimination as described *supra*.

58. Defendants have a custom, policy, and practice of discriminating against its employees on the basis of gender and/or age, and, by its agents, representatives, and employees, were predisposed to discriminate on said bases and acted in accordance with that predisposition.

59. Defendant's actions were intentional and made with reckless indifference to Plaintiff's rights and sensibilities.

60. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental

10

anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

61. WHEREFORE, Plaintiff requests the following relief against Defendants:

    a. an order of this Court requiring Defendants to promote Plaintiff to the position of Executive Director – Talent Management.

    b. an award of economic damages as determined by a trial in this matter;

    c. an award of noneconomic damages as determined by a trial in this matter;

    d. an award of attorney's fees and costs; and

    e. an order of this Court granting Plaintiff further relief that it deems just and equitable.

## COUNT IV
## VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT FOR UNLAWFUL TERMINATION BASED ON GENDER/AGE

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1-61, inclusive, as though fully set forth herein.

63. At all material times. Defendant was Plaintiff's employer, covered by and within the meaning of the Michigan Elliot-Larsen Civil Rights Act, MCL 31.2101 *et seq.,* and the common law of the State of Michigan.

64. Defendant discriminated against Plaintiff, a female, based on his gender in violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 31.2101 *et seq.,* and the common law of the State of Michigan.

65. Plaintiff's gender and/or age was a motivating factor for Defendant's decision to subject him to the unlawful employment discrimination as described *supra*.

66. Defendant has a custom, policy, and practice of discriminating against its employees on the basis of gender and/or age, and, by its agents, representatives, and employees, were predisposed to discriminate said bases and acted in accordance with that predisposition.

67. Defendant's actions were intentional and made with reckless indifference to Plaintiff's rights and sensibilities.

68. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

69. WHEREFORE, Plaintiff requests the following relief against Defendants:

    a. an order of this Court requiring Defendants to promote Plaintiff to the position of Executive Director – Talent Management;

    b. an award of economic damages as determined by a trial in this matter;

    c. an award of noneconomic damages as determined by a trial in this matter;

    d. an award of attorney's fees and costs; and

    e. an order of this Court granting Plaintiff further relief that it deems just and equitable.

12

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendants and order all relief requested in this complaint.

/S/   *Leonard Mungo*
Leonard Mungo (P43562)
THE MUNGO LAW FIRM, PLC
Counsel for Plaintiff
333 W. Fort Street, Suite 1500
Detroit, MI  48226
(313) 963-0407
(313) 963-0200 (facsimile)
MungoL16@msn.com

13

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

GREGORY STOKES,

      Plaintiff,

                                    Civil No.
-v-                                   HON.

DETROIT PUBLIC SCHOOLS,.

      Defendants.

_____/

LEONARD MUNGO
The Mungo Law Firm, PLC
333 W. Fort Street, Suite 1500
Detroit, MI  48226
(313) 963-0407/(313) 963-0200 (fax)

_____/

## JURY DEMAND

      Now comes the Plaintiff, Gregory Stokes, by and through his attorney, The

Mungo Law Firm, PLC, and hereby demands a jury trial in this cause.


Dated: September 30, 2017                */S/   LEONARD MUNGO*_____
                                         Leonard Mungo (P43562)
                                         **THE MUNGO LAW FIRM, PLC**
                                         333 W. Fort Street, Suite 1500
                                         Detroit, MI  48226
                                         (313) 963-0407
                                         (313) 963-0200 (facsimile)
                                         MungoL16@msn.com

14